IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PERIRX, INC.,** : | |
| : | **Case No. 2:20-cv-02212-JDW** |
| *Plaintiff,* : | |
| : | |
| v. : | |
| : | |
| **THE REGENTS OF THE UNIVERSITY** : | |
| **OF CALIFORNIA,** *et al.*, : | |
| : | |
| *Defendants*. : | |

## MEMORANDUM

In a Covid-19 world, home field advantage is not what it used to be. But it's still easier to play on home turf than to go on the road, even when there are no fans in the stands. Presumably, a desire for home field advantage is what drove PeriRx, Inc. to bring this case in this Court, even though everyone involved is from California, and the events took place there. Most of the defendants have agreed to litigate the case on the merits here. But one, EZLife Bio, Inc., insists that PeriRx bring the fight to California. Because EZLife Bio is not subject to personal jurisdiction in Pennsylvania, the Court will dismiss PeriRx's claims against EZLife Bio. If PeriRx wants to pursue claims against EZLife Bio, it will have to play as the visiting team.

### I. BACKGROUND

#### A. The Agreements

In 2010, PeriRx entered into discussions with Dr. David Wong, D.M.D., D.M.Sc., to develop and commercialize certain diagnostic technologies. Dr. Wong is a professor at the University of California Los Angeles, which the Regents of the University of California govern. In late 2010, Dr. Wong established RNAmeTRIX, Inc. ("RNA"). The Complaint alleges that the Regents urged Dr. Wong to form RNA and assisted him to do so.

On December 17, 2010, the Regents and RNA entered into an Exclusive License Agreement (the "UCLA Agreement"). Under that agreement, the Regents granted RNA an exclusive license to certain patents related to the detection of biological salivary biomarkers and point-of-care technologies. Three days later, RNA and PeriRx entered into an Exclusive License Agreement allowing PeriRx to validate through clinical trials and seek regulatory approval for saliva-based diagnostic products for diagnosis of five selected applications and related point-of-care technologies. The point-of-care technologies that RNA licensed to PeriRx included electric field-induced release and measurement ("EFRIM") technologies. After problems developed in their relationship, PeriRx and RNA entered into an Amended and Restated Exclusive License Agreement in October 2012. Problems persisted, so in December 2014, RNA and PeriRx entered into a First Amendment to the Amended and Restated Exclusive License Agreement.

### B. EZLife Bio

From 2007 to 2011, Dr. Wei Liao worked with Dr. Wong at UCLA. In 2016, Dr. Liao formed EZLife Bio, a California corporation. EZLife Bio does not do business, own property, or sell products in Pennsylvania. Dr. Liao has declared that Dr. Wong had no relationship with EZLife Bio, but PeriRx claims that Wong had a relationship with EZLife Bio. According to PeriRx, Dr. Wong funneled grants and other funds to EZLife Bio to develop EFRIM technology in violation of PeriRx's License Agreement with RNA.

### C. Procedural History

On May 8, 2020, PeriRx filed this action. The Complaint asserts sixteen causes of action, but only two against EZLife Bio: (1) tortious interference with the Licensing Agreement between PeriRx and RNA (Count XIII); and (2) disgorgement/unjust enrichment (Count XV). EZLife Bio

moved to dismiss (ECF No. 42), arguing that it is not subject to personal jurisdiction in Pennsylvania, venue does not lay in this Court, and PeriRx has not stated a claim against it.

## II. LEGAL STANDARD

A district court may dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). When confronted with a motion to dismiss on this basis, a court must accept all of a plaintiff's factual allegations as true and resolve all factual disputes in the plaintiff's favor. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). However, once a defendant raises a jurisdictional defense, the burden shifts to the plaintiff to establish, through "affidavits or other competent evidence," that the district court has personal jurisdiction over the non-resident defendant. *Id.* It is not sufficient to rely on the pleadings alone. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the plaintiff demonstrates a prima facie case of personal jurisdiction, the burden shifts back to the defendant to establish that the exercise of jurisdiction would be unreasonable. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992).

## III. DISCUSSION

Personal jurisdiction may be general or specific. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction arises where a party is "at home." *Damler AG v. Bauman*, 571 U.S. 117, 137 (2014). In the case of a corporation, that is generally the company's place of incorporation and/or its principal place of business. *See id.* PeriRx does not argue that EZLife Bio is subject to general jurisdiction in Pennsylvania. Nor does there seem to be a basis for such an argument.

Specific jurisdiction arises when a party directs its conduct into the forum jurisdiction and the claims arise from those activities. *See Danziger& De Llano, LLP v. Morgan Verkamp LLC*,

948 F.3d 124, 129-30 (3d Cir. 2020). To prove that specific jurisdiction exists, a plaintiff must demonstrate three elements: 1) the defendant "purposefully directed [its] activities" at the forum; 2) the plaintiff's claims "arise out of or relate to" at least one of those activities; and 3) if so, the exercise of jurisdiction otherwise comports with fair play and substantial justice. *Id.* (quotes omitted).  For tort claims, a plaintiff must prove "'a closer and more direct causal connection than' but-for causation. The defendant must have benefitted enough from the forum state's laws to make the burden of facing litigation there proportional to those benefits." *Id.* at 130 (quoting *O'Connor*, 396 F.3d at 320-23). "Plus, intentional torts require more: The defendant must have expressly aimed its tortious conduct at the forum to make the forum the focal point of the tortious activity. And the plaintiff must have felt the brunt of the harm in the forum." *Id.* (cleaned up). To satisfy this test, "the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, **and** point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998) (emphasis added).

PeriRx has not demonstrated that the Court has personal jurisdiction over EZLife Bio for either of the claims against it because PeriRx does not allege that EZLife Bio purposefully directed **<u>any</u>** activity at Pennsylvania. To the contrary, the Complaint alleges that EZLife Bio "operates out of its office in California" and "also operates out of and manufactures devices, including … Point-of-Care devices, in China."  (ECF No. 1 at ¶ 157.)  Likewise, PeriRx's supplemental materials (ECF Nos. 52-1 – 52-11) do not establish that EZLife Bio directed any activity at Pennsylvania. They confirm that EZLife Bio concentrates its work in California.

PeriRx's argument that Dr. Wong was EZLife Bio's agent does not change that conclusion. In the Complaint, PeriRx alleges only that Dr. Wong co-founded EZLife Bio in China and has

been "involved" with the company in California. (ECF No. 1 at ¶ 124.) In opposing EZLife Bio's motion, PeriRx cites a number of scientific articles on which Drs. Wong and Liao are co-authors. None of those articles identifies Dr. Wong as having an association with EZLife Bio, and co-authoring an article does not demonstrate a corporate relationship. PeriRx also points to internet sources that suggest that Dr. Wong serves as Chief Science Officer and holds equity in EZLife Bio. The mere fact that an unverified internet source claims that Dr. Wong is Chief Science Officer at EZLife Bio or that he holds equity in the company does not rebut Dr. Liao's declaration to the contrary. Anyone can put anything on the internet; it doesn't make it true, or even worthy of judicial consideration. And, even if Dr. Wong owns equity in EZLife Bio, that does not make him EZLife Bio's agent.

Even if PeriRx had established that Dr. Wong serves as EZLife Bio's agent, it has not alleged facts to establish that Dr. Wong directed any activities into Pennsylvania in the course of that agency. It therefore has not satisfied its burden of establishing that the Court has personal jurisdiction over EZLife Bio.

### IV.   CONCLUSION

EZLife Bio lacks any connection to Pennsylvania. PeriRx cannot drag it into court here. The Court will therefore grant EZLife Bio's Motion and dismiss the claims against it for lack of personal jurisdiction. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

November 19, 2020